UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER W,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05455-TLF<br><br>ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). The parties have consented to the jurisdiction of a Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

Plaintiff's alleged onset date was June 1, 2019, and date last insured was December 31, 2021. AR 18-43, 427, 435. The ALJ performed the five-step review and found the following severe impairments at step two: "degenerative disc disease; left shoulder adhesive capsulitis, arthropathy, impingement, and tendinitis; neuropathy status-post bilateral carpal tunnel and cubital tunnel releases; depressive disorder; anxiety disorder; PTSD; and Tourette's syndrome and tic disorder." AR 1983.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not

supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 587 U.S. 97, 103 (2019) (internal citations omitted). The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

## DISCUSSION

### 1. Rule of Mandate & Law of the Case

Plaintiff alleges the ALJ violated the rule of mandate by changing the RFC from the previous decision.[1] Dkt. 15 at 5. She argues that the exertional category and limitation on absenteeism in the previous RFC were not at issue before the Court and thus the ALJ was not permitted to change those aspects of the RFC. Dkt. 15 at 5-11.

A federal court may provide instructions on remand in Social Security disability review proceedings. *Sullivan v. Hudson*, 490 U.S. 877, 885-86 (1989), *overruled on other grounds in Shalala v. Schaefer*, 509 U.S. 292, 300 n.4 (1993). If an ALJ deviates from a court's order of remand, that deviation "is itself legal error, subject to reversal on further judicial review." *Id.* at 886. If a remand order does not contain restrictive

[1] The previous ALJ found plaintiff capable of performing a limited range of sedentary work. AR 27. In the current decision, the ALJ found her capable of performing work at the light exertional level with some additional limitations. AR 1986.

language, or if the scope of the remand is expressly made broad, then neither law of the case nor the rule of mandate would constrict the ALJ in a remand hearing. *See Stacy v. Colvin*, 825 F.3d 563, 566, 568-69 (9th Cir. 2016) (finding the ALJ did not violate the rule of mandate and holding that the remand order must be read holistically, the District Judge's remand order was expansive, not intended to restrict the ALJ from taking new evidence, and essentially remanded on an open record).

"[T]he rule of mandate allows a lower court to decide anything not foreclosed by the mandate." *Hall v. City of Los Angeles,* 697 F.3d 1059, 1067 (9th Cir. 2012). The rule of mandate is a jurisdictional rule, but the law of the case doctrine is discretionary and a judicial invention to promote judicial efficiency. *Id.* Law of the case "generally precludes a court from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Id*. For the law of the case doctrine to be applied, the Court must consider whether the issue has been explicitly decided, or whether it was by necessary implication decided. *Id.* Law of the case should not be applied if "the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy,* 825 F.3d at 567.

In this case, during the remand hearing there was new information presented for the ALJ to consider in making their decision. Also, the U.S. District Court's order was not restrictive in the remand instructions. AR 2103 (instructing the ALJ to reevaluate two medical opinions and plaintiff's testimony and address the inconsistency between job number estimates provided by plaintiff and VE). The Court identified the reversible errors that must be addressed by the Commissioner and directed the ALJ to "proceed to the remaining steps of the disability evaluation process as appropriate." AR 2103. The

District Court did not mention whether the remand should be de novo but also did not prohibit de novo review. *Id.* The Court did not limit the ALJ's review of the plaintiff's residual functional capacity, nor did the Court state that the remand hearing would be limited to specific steps; the ALJ was therefore allowed to conduct all five steps of the review. *Stacy,* 825 F.3d at 568-69; *Hall,* 697 F.3d at 1067. Accordingly, the ALJ did not violate the law of the case by revising plaintiff's RFC.

**2. Step Five**

Plaintiff argues that the ALJ's step five findings are not supported by substantial evidence because the ALJ omitted limitations from the hypothetical posed to the vocational expert related to Plaintiff's difficulty looking down and medication side effects. Dkt. 15 at 11-14. Where an ALJ's hypothetical does not reflect all of a claimant's limitations, then the expert's testimony has no evidentiary value to support a finding at step five that the claimant can perform jobs in the national economy. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). But the ALJ need only include those limitations in the RFC which are supported by substantial evidence. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163-64 (9th Cir. 2001).

The testifying medical expert, Dr. Haynes, testified that Plaintiff "would have some difficulty working above eye level, some difficulty looking down, but some of her exams shows reasonable range of motion despite that so I think that's a, that's a loose end." AR 2033-34. Based, in part, on this testimony, the ALJ included a limitation to less than occasional work above shoulder level in the RFC. AR 1986, 1993. Plaintiff argues that Dr. Haynes's use of the phrase "some difficulty" means "a significant limitation," and

that the ALJ should have included a similarly significant limitation to her ability to look down. Dkt. 15 at 11.

If the RFC conflicts with medical source opinions, the ALJ must explain why the opinion was not adopted. SSR 96-8p, at *7. Here, the ALJ explained that further restrictions based on plaintiff's neck fusion surgeries were not included, because her range of motion in the neck, with few exceptions, was largely within normal limits. AR 1993. He also noted that Dr. Haynes found that neurological exams did not show any residual limitations. AR 1995. Accordingly, the ALJ found a limitation to looking down was not supported by substantial evidence and reasonably omitted such limitation from the RFC.

Plaintiff makes a similar argument regarding medication side effects, asserting that the ALJ omitted from the RFC a limitation to one absence per month based on medication side effects such as drowsiness and fatigue. Dkt. 15 at 14. Notably, no medical source opined that plaintiff would be absent from work once per month. Rather, this limitation stems from the previous ALJ's opinion, where he stated that he "provided a general limitation for some degree of absences in consideration of pain level, medication side effects, residual effects of non-severe impairments and fluctuations of mental health symptoms." AR 33. Some of the mental health medical opinions assessed moderate and/or marked limitations in areas of attendance and punctuality, but the ALJ rejected such limitations, and plaintiff does not challenge the ALJ's evaluation of these opinions. *See* AR 1996-97, 1999-2000, 2002.

Plaintiff has failed to show the ALJ erroneously evaluated any of this evidence, and the ALJ properly included in his RFC determination only those limitations supported

by the evidence. *Bayliss,* 427 F.3d at 1217. Plaintiff also attempts to argue that the absence limitation was protected by the rule of mandate, but this argument is derivative of her earlier argument pertaining to the rule of mandate addressed above, and thus fails for the same reasons.

**3. Period of Disability**

Plaintiff argues that she established a distinct period of disability covering her Title II claim even if she later improved. Dkt. 15 at 15-16. She contends that ARNP Ferguson's January 2021 opinion established that she was disabled at least between June 1, 2019, and September 2021. *Id.* Yet the ALJ found Ms. Ferguson's opinion largely unpersuasive, ultimately adopting only her opined postural restrictions. AR 1998. Plaintiff does not challenge the ALJ's treatment of Ms. Ferguson's opinion and has accordingly waived this argument. *Carmickle v. Comm'r, Soc. Sec. Admin.,* 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (holding issues that are not "specifically and distinctly argued" in the opening brief are waived).

**4. Plaintiff's statements regarding symptoms and limitations**

Plaintiff argues that the ALJ was prohibited by the rule of mandate to address her subjective claims in the hearing on remand because Judge Vaughan did not remand for reassessment of these claims. Dkt. 15 at 16. However, Judge Vaughan explicitly instructed the ALJ to reevaluate plaintiff's testimony on remand. AR 2103 ("On remand, the ALJ shall reevaluate…Plaintiff's testimony"). Thus, the ALJ was required to reevaluate her testimony and would have violated the rule of mandate if he failed to do so. *Sullivan,* 490 U.S. at 886 (finding deviation from court's remand order to be "itself legal error, subject to reversal").

Plaintiff also contends that the ALJ failed to provide clear and convincing reasons for rejecting her testimony. Dkt. 15 at 16. The ALJ's determinations regarding a claimant's statements about limitations "must be supported by specific, cogent reasons." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990)). In assessing a Plaintiff's credibility, the ALJ must determine whether Plaintiff has presented objective medical evidence of an underlying impairment. If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (*citing Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)).

Plaintiff fails to engage with the ALJ's analysis and instead merely summarizes some objective evidence and her testimony. Dkt. 15 at 16-17. Plaintiff essentially requests that the Court reweigh the evidence in her favor. But because the ALJ's conclusion is supported by a rational interpretation of the record, the Court must uphold it. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

**CONCLUSION**

Based on the foregoing discussion, the Court concludes the ALJ properly determined plaintiff to be not disabled. Therefore, the ALJ's decision is affirmed.

Dated this 20th day of July, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge