UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JENNIFER W,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05455-TLF<br><br>ORDER DENYING MOTION TO AMEND JUDGMENT |

The matter before the Court is plaintiff's Motion to Amend Judgment under Fed. R. Civ. P. 59(e). Dkt. 27. The Motion concerns this Court's Order affirming defendant's decision to deny benefits. Dkts. 25-26. For the reasons below, plaintiff's Motion is **DENIED**.

"While Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an 'extraordinary remedy'" and "'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (citations omitted).

Plaintiff's Rule 59(e) motion asserts "[t]his Court committed manifest error by manufacturing an argument the ALJ did not give . . . a *Chenery* violation." Dkt. 27 at 1-3; *see also Marsh v. Colvin*, 792 F.3d 1170, 1172 (9th Cir. 2015) (citing *Sec. & Exch.*

*Comm'n v. Chenery Corp.*, 332 U.S. 194, 196 (1947)). Plaintiff refers to the testimony of Dr. James Haynes. Plaintiff argues the ALJ cited Dr. Haynes' testimony "but gave no explanation" for setting plaintiff's residual functional capacity "for overhead reaching to 'less than occasional' rather than 'never' as [Dr. Haynes] found" or Dr. Haynes' "limitation to 'some difficulty' looking down." Dkt. 27 at 3.

Under the *Chenery* rule, this Court may not "affirm[] the agency on a ground not invoked by the ALJ . . ." *Marsh*, 792 F.3d at 1172.

Here however, there is a connection between Dr. James Haynes testimony, the ALJ's decision, and this Court's Order affirming the ALJ's analysis.

At the ALJ's hearing, Dr. Haynes was asked if he agreed with another opinion which "limited claimant to never reaching overhead . . ?" AR 2035. Dr. Haynes responded "I would agree with the overhead" as "she probably would have a stiff neck after having two fusions, and she probably would have difficulty doing much above eye level, so yes." AR 2035.

And Dr. Haynes opined that while plaintiff "would have some difficulty working above eye level, some difficulty looking down . . . some of her exams shows reasonable range of motion despite that so I think that's a, that's a loose end." AR 2034. Dr. Haynes also stated "if you have abnormal x-rays that doesn't mean you are disabled . . ." AR 2034. Dr. Haynes was also asked whether a claimant with two neck fusions "would still have residual pain?" AR 2035-36. Dr. Haynes responded "[m]aybe, maybe not" as "[s]ome people will go back into the football league after . . . some people don't do quite that well, of course . . ." AR 2036.

The ALJ, when discussing plaintiff's "neck degenerative changes and the claimant's neck fusion history" found the following. AR 1993. First, "range of motion, with few exceptions . . . was largely within normal limits in the neck and the bilateral upper and lower extremities." AR 1993. Second, when Dr. Haynes discussed plaintiff's neck fusions, he noted "the neurological exams did not show any residual limitations," plaintiff "had reasonable range of motion findings" and it "was not reasonable to rely solely on the abnormalities in imaging . . ." AR 1995. Third, Dr. Haynes "explained that the history of two neck fusions alone was not sufficient because some people have gone back into the normal functional limits after fusions." AR 1995.

This Court's Order, in reference to the above findings and testimony, noted "the ALJ explained that further restrictions based on plaintiff's neck fusion surgeries were not included because her range of motion in the neck, with few exceptions, was largely within normal limits." Dkt. 25 (citing AR 1993). "He also noted that Dr. Haynes found that neurological exams did not show any residual limitations." Dkt. 25 (citing 1995).

Thus, the Court's Order cited directly to specific findings by the ALJ when affirming the ALJ's decision not to adopt further limitations within the residual functional capacity. The Court thus did not violate the *Chenery* rule. Accordingly, plaintiff's motion to amend the Court's judgment on that basis is **DENIED**.

Dated this 10th day of November, 2026.

Theresa L. Fricke

Theresa L. Fricke
United States Magistrate Judge